NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIN WONG AND EVA CHIN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A. as Trustee for OPTION ONE MORTGAGE LOAN TRUST 2005-3 ASSET-BACKED CERTIFICATES SERIES 2005-3; OCWEN LOAN SERVICING, LLC; AND DOES THROUGH 10, INCLUSIVE,<br><br>Defendants. | Civil Action No.: 14-5204 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court by way of the motion of Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiffs did not respond to the motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motion to dismiss Plaintiffs' Complaint is granted.

### II. BACKGROUND

The following facts are accepted as true for purposes of the instant Motion. Plaintiffs Kin Wong and Eva Chin (collectively, "Plaintiffs") own the subject property located at 155 Central

Place, Orange, New Jersey (the "Property"). (Compl. ¶ 1.)[1] On May 13, 2005, Plaintiffs accepted a loan of $228,000.00 and executed a promissory note to secure the debt in favor of Option One Mortgage Corporation ("Option One"). (Id. ¶¶ 17-18; see also Declaration of Brett L. Messinger ("Mess. Decl.") ¶ 4, Ex. B.) The Note was secured by a mortgage signed by Plaintiffs, secured by the Property, and recorded with the Essex County Register of Deeds and Mortgages on May 27, 2015. (Compl. ¶ 19; see also Messinger Decl. ¶ 5, Ex. C.) Wells Fargo is the trustee for the trust that currently owns Plaintiffs' Note and Mortgage. (Compl. ¶ 21; see also Mess. Decl. ¶ 6, Ex. D.) Ocwen is the current servicer of the mortgage. (Compl. ¶ 29; see also Def. Mot. at 2.)

On August 19, 2014, Plaintiffs filed their Complaint against Defendants, alleging Declaratory Relief (Count I); Injunctive Relief (Count II); Wrongful Foreclosure (Count III); Slander of Title (Count IV); Quiet Title (Count V); Negligence Per Se (Count VI); Accounting (Count VII); Breach of the Covenant of Good Faith and Fair Dealing (Count VIII); Breach of Fiduciary Duty (Count IX); Violation of the Real Estate Procedures Act ("RESPA") (Count X); and Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count XI). (ECF No. 1.) On March 31, 2015, the Defendants filed the instant Motion to Dismiss and, on May 21, 2015, filed a Notice of Supplemental Authority. (ECF Nos. 5, 9.)

## III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

---

[1] Defendants dispute whether Plaintiff Eva Chin owns the Property. (Def. Mot. at 4.) It appears that Plaintiff Kin Wong is the sole owner of the Property. However, for purposes of the instant motion, the Court assumes, without deciding, that Eva Chin owns the Property with Kin Wong.

2

U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

A court may dismiss a claim with prejudice if amendment would be futile. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

## IV. DISCUSSION

The gravamen of Plaintiffs' Complaint is that Defendants do not have a right or interest in the Note or Mortgage because (1) Plaintiffs' loan was improperly securitized, and (2) there are

defects in the chain of title. (Compl. ¶ 33; see also Def. Mot. at 3.) Notably, it appears that no foreclosure action has been instituted against Plaintiffs to date. Moreover, as pointed out by Defendants in their Notice of Supplemental Authority, this Court has recently dismissed two other actions, with prejudice, based on (1) complaints similar to that of the Plaintiffs in this case, and (2) arguments similar as those set forth by Defendants in the instant motion. See Espaillat v. Deutsche Bank Nat'l Trust Co., 2:15-cv-00314-SDW-SCM, 2015 WL 2412153 (D.N.J. May 21, 2015); Coleman v. Deutsche Bank Nat'l Trust Co., 2:15-cv-01080-JLL-JAD, 2015 WL 2226022 (D.N.J. May 12, 2015).

### A. Declaratory Relief (Count I) and Injunctive Relief (Count II)

Plaintiffs seek declaratory relief and an injunction preventing a foreclosure action against Plaintiffs on the grounds that: (1) one or more of the Defendants failed to abide by the terms of a Pooling and Servicing Agreement ("PSA") under which Plaintiffs' loan was securitized, and (2) the transfers and/or assignments of the Note and Mortgage were improper. (Compl. ¶¶ 22-93.) Because these allegations fail to state a cause of action against Defendants for declaratory and injunctive relief, the Court will dismiss these claims with prejudice.

Plaintiffs lack standing to assert a violation of the PSA or assignments of the Mortgage because Plaintiffs are neither parties to nor intended third-party beneficiaries of the PSA or assignments. (Compl. ¶ 26.) See Eun Ju Song v. Bank of Am., N.A., No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Glenn v. Hayman, No. 07-cv-112, 2007 WL 894213, at *10 (D.N.J. Mar. 21, 2007). Moreover, both the Note and the Mortgage expressly state that they may be transferred. (See Mess. Decl., Exs. B and C.)

In addition, Plaintiffs are not entitled to declaratory relief under the Declaratory Judgment Act, which provides: "in a case of actual controversy within its jurisdiction . . . any court of the

4

United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, there must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987). The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination. Id.

Here, there is no immediate controversy warranting declaratory judgment as there is no active foreclosure action. Thus, it is premature for Plaintiffs to seek judicial determination regarding Defendants' standing to ultimately foreclose on the Property. Further, a request for a declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests. Rather, it is an attempt by Plaintiffs to seek legal advice from the Court.

Plaintiffs are also not entitled to injunctive relief. Federal Rule of Civil Procedure 65 permits district courts to grant injunctive relief in the form of a temporary restraining order. Fed. R. Civ. P. 65(b). Injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." Empire United Lines v. Baltic Auto Shipping, Inc., 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994)). For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d

Cir. 2004). The party seeking injunctive relief bears the burden of showing that all four factors weigh in favor of preliminary relief. Winback & Conserve, 42 F.3d at 1427.

Here, Plaintiffs' Complaint does not show a likelihood of success on the merits. Specifically, the relief sought by Plaintiffs is not supported by the underlying indisputable facts. Plaintiffs do not dispute that they executed the Note to Option One, which was secured by a mortgage. (Compl. ¶¶ 16-19.) Thus, Plaintiffs acknowledge a debt was created. Plaintiffs do not allege any facts to support their conclusory allegations that the Note has been paid in full or satisfied and that Plaintiffs are not in default on the loan. There is no active foreclosure action or pending sheriff's sale of the Property.

Accordingly, Plaintiff fails to set forth the necessary elements for injunctive and declaratory relief and the Court dismisses the first and second causes of action with prejudice.

### B. Wrongful Foreclosure (Count III)

In Count III, Plaintiffs allege that Defendants wrongfully foreclosed on the Property. Plaintiffs provide no basis for asserting such a claim. They fail to provide any facts supporting that there is a foreclosure action pending against them. Accordingly, the Court dismisses the third cause of action with prejudice.

### C. Slander of Title (Count IV), Negligence Per Se (Count VI), and Breach of Fiduciary Duty (Count IX)

The economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract," bars Plaintiffs' claims for slander of title (Count IV), negligence per se (Count VI), and breach of fiduciary duty (Count IX). Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995). These tort-based claims are rooted in the contractual relationship between the parties based upon the executed Note and

Mortgage. Accordingly, the Court dismisses the fourth, sixth, and ninth causes of action with prejudice.

### D. Quiet Title (Count V)

New Jersey's quiet title statute allows a plaintiff to maintain an action to "clear up all doubts and disputes concerning" competing claims to land. N.J. Stat. Ann. § 2A:62-1. In accordance with the statute, a plaintiff should spell out the nature of the competing claims in her complaint. Espinoza v. HSBC Bank, USA, Nat'l Ass'n, No. 12-4874, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013). In addition, a plaintiff must allege facts showing a defendant's competing interest is wrongful. English v. Fed. Nat. Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiffs' claim to quiet title is based on nothing more than conclusory allegations and Plaintiffs' questioning of the ownership of the Mortgage, which is insufficient to establish a claim for quiet title. See Schiano v. MBNA, No. 05-1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing complaint and holding that plaintiffs' allegations that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action); English, 2013 WL 6188572, at *2-4. Because Plaintiffs fail to set forth any specific facts supporting the invalidity of the Note or Mortgage, or that Plaintiffs have fully satisfied repayment of the Loan, Plaintiffs quiet title action fails as a matter of law. Accordingly, the Court dismisses the fifth cause of action with prejudice.

### E. Accounting (Count VII)

In Count VII, Plaintiffs request an accounting because "[s]ince the Originator sold the NOTE without endorsing the NOTE and without making and recording an assignment of the DOT, Plaintiffs have been making improper mortgage payments to Defendants." (Compl. ¶ 157.) An

accounting, however, is considered a remedy, not a separate cause of action. Tolia v. Dunkin Brands, No. 11-3656, 2011 WL 6132102, at *6 n.5 (D.N.J. Oct. 7, 2011). Plaintiffs have not identified a contract or statutory provision entitling them to the remedy of an accounting. Accordingly, the Court dismisses the seventh cause of action with prejudice.

### F. Breach of the Covenant of Good Faith and Fair Dealing (Count VIII)

In Count VIII, Plaintiffs bring a claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs do not allege facts to support the necessary elements for such a claim. In New Jersey, every contract contains an implied covenant of good faith and fair dealing. Graddy v. Deutsche Bank, No. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013). "[T]he implied covenant of good faith and fair dealing does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement." Fields v. Thompson Printing Co., 363 F.3d 259, 271 (3d Cir. 2004). To succeed on a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must prove: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract unless excused; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss, or harm. Graddy, 2013 WL 1222655, at *4.

Here, Plaintiffs acknowledge that a debt is owed under the Note, but do not allege they fully performed under the Note and Mortgage by fully repaying the debt owed. Thus, Plaintiffs do not and cannot state a cognizable claim for relief against Defendants because even if a foreclosure action was pending, the filing of such an action is contractually permitted under the Note and Mortgage. See id. ("Plaintiff has not alleged that [Defendant] engaged in any conduct,

apart from that which the contract expressly permitted, in bad faith or for the purposes of depriving the plaintiff of their rights under the contract. Therefore, this claim will also be dismissed."). Accordingly, the Court dismisses the eighth cause of action with prejudice.

### G. Violation of the RESPA (Count X) and Violation of the HOEPA (Count XI)

Plaintiffs bring causes of action alleging violations of RESPA (Count X) and HOEPA (Count XI), each based on allegations relating to the origination of Plaintiffs' Note and Mortgage and their subsequent securitization in May 2005. (Compl. ¶¶ 26-30, 176, 188, 192.) Claims for violation of Section 2607 of RESPA are governed by a one-year statute of limitations. 12 U.S.C. § 2614. Claims for rescission under HOEPA are governed by a three-year statute of limitations. 15 U.S.C. § 1635(f).

These claims are time-barred because Plaintiffs filed this Complaint on August 19, 2014 and the Loan originated in May 2005. (See Compl. ¶¶ 17-19.) Accordingly, the Court dismisses the tenth and eleventh causes of action with prejudice.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. The Court dismisses the Complaint as to all Defendants because Plaintiffs have not, and cannot, state a cognizable claim for relief as to any Defendant. Since an amendment of Plaintiffs' claims would be futile, Plaintiffs' Complaint is hereby dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 20, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**